IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**OSCAR ALEXIS GONZALEZ AGUILAR,**

    Petitioner,[1]

v.                                                                   No. 19-cv-0412 WJ/SMV

**KEVIN McALEENAN, MATTHEW T. ALBENCE,
WILLIAM P. BARR, FLOYD SAM FARMER,
DEAN KING, and CHAD MILLER,**

    Respondents.

## ORDER TO SHOW CAUSE
## WHY FILINGS SHOULD NOT BE UNSEALED

THIS MATTER is before the Court on review of the docket. Petitioner must show cause why her filings, which have been submitted under seal ("case participants only"), should not be unsealed.

It is well settled that federal courts recognize a common-law right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–99 (1978); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980). This right derives from the public's interest "in understanding disputes that are presented to a public forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest." *Crystal Grower's Corp.*, 616 F.2d at 461. This public right of access, however, is not absolute. *Nixon*, 435 U.S. at 598. As federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court's sound discretion. *Crystal Grower's Corp.*, 616

---

[1] Petitioner identifies as female and uses the first name Kelly and female pronouns. [Doc. 1] at 2 n.1. Accordingly, the Court will refer to Petitioner as "she" or "her."

F.2d at 461. In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or some portion of the record. *Id.* Documents should be sealed "only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

A party seeking to overcome the presumption of public access to judicial documents bears the burden of showing "some significant interest that outweighs the presumption." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007); *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012). "Whether a trial court exercises sound discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests." *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009).

Petitioner's interest in maintaining her filings under seal is not evident on the face of the filings, especially as to the returns of service [Docs. 7–12].

**IT IS THEREFORE ORDERED** that, no later than **June 12, 2019**, Petitioner show cause why her filings should not be unsealed.

**IT IS SO ORDERED.**

                                                **STEPHAN M. VIDMAR**
                                                **United States Magistrate Judge**